PEDRO CORREA MACHÍN, demandante y recurrido, *v.* HÉCTOR J. CORREA VÉLEZ y MARÍA NIEVES RODRÍGUEZ, demandados y recurrente la segunda.

*Número:* R-66-246      *Resuelto:* 11 de junio de 1969

*Gloria M. Mimoso Raspaldo,* abogada de la recurrente; *Elí B. Arroyo,* abogado del recurrido; *Francisco Torres Aguiar,* abogado de Héctor J. Correa Vélez.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

### SENTENCIA

El demandante Pedro Correa Machín radicó demanda contra su hijo Héctor J. Correa Vélez y la ex-esposa de éste María Nieves Rodríguez, reclamándoles el título de tres propiedades que según el demandante fueron adquiridas por él y que por razones personales hizo aparecer el título de dichas

propiedades a favor de dichos demandados. Se alegó en la demanda, radicada el 1ro. de noviembre de 1962, que en 23 de abril de dicho año se había dictado sentencia final y firme declarando roto y disuelto el vínculo matrimonial que unía a los demandados.

El hijo codemandado Héctor J. Correa Vélez aceptó en su contestación los hechos de la demanda y alegó haberse visto impedido de traspasar el título a su padre el demandante debido a que necesitaba del concurso de la codemandada María Nieves Rodríguez. Ésta negó la demanda.

Visto el caso en sus méritos, la Sala sentenciadora decretó que el título de dichas propiedades era del demandante y ordenó que así se hiciera constar en el Registro de la Propiedad. Contra esta sentencia se interpuso el presente recurso.

Surge de la prueba documental que en 23 de octubre de 1957 y por escritura Núm. 143 otorgada en San Juan ante el Notario Ángel F. Vélez Pozo, José Manuel Pérez Moris vendió a Héctor Correa y su esposa María Nieves Rodríguez una propiedad consistente de casa y solar sita en la calle de La Luna de San Juan por el precio de $8,000. Se hizo constar que la propiedad respondía de una hipoteca por $5,000 a favor de Eduardo Franco y de otra hipoteca por $1,000 a favor del portador de pagaré. Se hizo constar, además, que en ese acto, y en presencia del Notario, los compradores entregaron al vendedor la suma en efectivo de $2,000, reteniendo el remanente de $6,000 para pagar en su día las hipotecas mencionadas. Esta compraventa quedó inscrita en el Registro de la Propiedad de San Juan a favor de los adquirentes.

Por escritura Núm. 144 otorgada en San Juan en la misma fecha, 23 de octubre de 1957, y ante el Notario Ángel F. Vélez Pozo, José Manuel Pérez Moris vendió a Héctor Correa y su esposa María Nieves Rodríguez dos propiedades: Solar y casa de tres plantas situado en la calle Cerra de Santurce, marcado con el Núm. 70 de dicha calle y solar y

casa de dos plantas en la referida calle Cerra marcado con el Núm. 78. Se hizo constar que dichas propiedades estaban afectas a una primera hipoteca por la suma de $45,000. El precio de venta fue de $48,000, de cuya cantidad los compradores entregaron en efectivo $3,000 en el acto y en presencia del Notario y retuvieron $45,000 para en su día pagar la mencionada hipoteca. Esta compraventa quedó inscrita en el Registro de la Propiedad de San Juan a favor de los esposos adquirentes.

Por escritura Núm. 54 otorgada en San Juan el 14 de abril de 1958 ante el Notario Ángel F. Vélez Pozo, los demandados Héctor Correa y su esposa constituyeron hipoteca sobre las tres propiedades adquiridas por ellos por las escrituras 143 y 144 a favor del portador de un pagaré por la cantidad de $30,000, sus intereses al 8 por ciento anual y un crédito ejecutivo de $3,000. El portador del pagaré inscribió la anterior hipoteca.

El demandante declaró que por razón de una investigación pendiente en cuanto a la contribución sobre ingresos y para no aumentar dicho ingreso en determinado año, optó por adquirir esas propiedades haciendo aparecer como dueño a su hijo y la ex-esposa de éste. Dijo haber aportado el dinero para la transacción. Dijo haber pagado las hipotecas que gravaban la finca de la calle Luna pero no presentó prueba documental de la cancelación de la de $5,000 a favor de Eduardo Franco, ni éste fue traído a declarar sobre dicha cancelación. Sí presentó el demandado como en poder suyo, el pagaré al portador por $1,000, diciendo que lo había pagado sin mencionar a quién. En cuanto al gravamen hipotecario de $45,000 sobre las fincas de la calle Cerra, declaró que aún no se había pagado. Declaró también ser dueño del pagaré al portador por $30,000 que los demandados otorgaron con posterioridad a adquirir las propiedades.

El fallo de la Sala sentenciadora que declaró con lugar la demanda se basó fundamentalmente en las expresiones

verbales del demandante ya dichas. Entendemos que esa prueba no fue lo robusta y suficiente que en derecho se requiere para destruir la fuerte presunción de ganancial que tenían esas propiedades, particularmente ante el hecho de que la parte del pago hecha en efectivo en ambas adquisiciones se hizo ante el Notario y en su presencia, de lo cual dio fe.

Considerado el récord en todas sus circunstancias, no era improbable ni imposible que el demandado, hijo del demandante, tuviera en ese momento el efectivo necesario para hacer dichas transacciones. El demandante pudo haber traído una prueba más robusta de todas las demás circunstancias, que no fueran sus meras expresiones, y no lo hizo. La circunstancia de que su hijo se había divorciado de la codemandada María Nieves Rodríguez meses antes, surgiendo el problema de la división de bienes gananciales y la actitud asumida por el hijo allanándose a una demanda que afectaba profundamente esa división, requería una prueba más convincente y de más suficiencia para anular los títulos registrados.

Se revoca la sentencia dictada por la Sala de San Juan del Tribunal Superior en 29 de junio de 1966 que declaró con lugar la demanda, y se dicta otra declarándola sin lugar, sin perjuicio del derecho del demandante a reclamar contra los demandados aquellos créditos que tuviere contra la sociedad de gananciales relacionados con los gravámenes de dichas fincas u otros pagos hechos por el demandante en beneficio de dichas fincas.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:
(Fdo.) Joaquín Berríos
*Secretario*