Jesús García Oyola et als., apelante, *v.* Junta de Planificación, demandada y apelada.

*Número:* AC-96-23        *Resuelto:* 30 de abril de 1996

*Jessica Rodríguez Martin* y *Armando Cardona Acaba,* abogados de los apelantes; *Arsenio A. Ramos Hernández,* abogado de la parte interventora y apelada.

PER CURIAM: El Sr. Jesús García Oyola apela la decisión del Tribunal de Circuito de Apelaciones, Circuito Regional III. Mediante ésta se revocó una sentencia emitida por el Tribunal de Primera Instancia, en la cual se determinó que la Autoridad de Energía Eléctrica no tenía capacidad legal para presentar ante la Junta de Planificación una consulta sobre ubicación del Proyecto de Turbinas que sería construido en el barrio Cambalache de Arecibo, ya que la dueña de los terrenos es la Autoridad de Tierras. Acogido el recurso como una petición de *certiorari,* procede modificar la sentencia recurrida sin procedimientos ulteriores, a tenor

con la Regla 54 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI.

## I

La Autoridad de Energía Eléctrica (en adelante la A.E.E.) solicitó ante la Junta de Planificación (en adelante la Junta) una Consulta de Ubicación[1] relacionada con la adquisición de 52.4376 cuerdas de terreno para establecer una planta de generación de energía en el barrio Cambalache de Arecibo, cuyos terrenos son propiedad de la Autoridad de Tierras (en adelante la A.T.). El Sr. Jesús García Oyola y los otros peticionarios solicitaron la intervención en el caso, la cual les fue concedida. En vista de ello, solicitaron a la agencia que se citara a representantes de la Oficina de Pesca y Vida Silvestre del Gobierno de Estados Unidos y del Departamento de Recursos Naturales. La Junta denegó esta solicitud y celebró las vistas. Posteriormente, dictó una resolución mediante la cual aprobó de forma condicionada la consulta solicitada.

Inconformes con esta determinación, los interventores presentaron un recurso de revisión administrativa ante .el Tribunal de Primera Instancia, Sala Superior de Arecibo, en el que alegaron la comisión de cinco (5) errores por parte de la Junta.[2]

---

[1] Consulta Núm. 93-06-0905-JGU-T.

[2] Los errores señalados fueron los siguientes:
"1. ERRÓ LA RECURRIDA AL NEGARSE A RESOLVER PLANTEAMIENTOS DE HECHOS BAJO EL PRETEXTO DE QUE 'NO SE HA SOMETIDO EVIDENCIA', A PESAR DE QUE EL PESO DE LA PRUEBA LO TENÍA LA PROPONENTE.
"2. ERRÓ LA RECURRIDA AL DENEGARLE A LOS RECURRENTES LA OPORTUNIDAD DE PRESENTAR TESTIGOS VIOLENTÁNDOLES ASÍ SU DEBIDO PROCESO DE LEY.
"3. ERRÓ LA RECURRIDA EN APROBAR UNA CONSULTA DE UBICACIÓN AUN CUANDO CARECÍA DE INFORMACIÓN INDISPENSABLE PARA CONSIDERAR LA MISMA.
"4. ERRÓ LA RECURRIDA AL NO REQUERIR LA PARTICIPACIÓN DE LA AUTORIDAD DE TIERRAS, DUEÑA DE LOS TERRENOS EN CUESTIÓN Y PARTE INDISPENSABLE EN EL PROCESO.

A pesar de que fueron cinco (5) los errores alegados, el Tribunal de Primera Instancia revocó la decisión de la Junta a base de que se había cometido el cuarto error. En particular, concluyó que la Junta había violado sus propios reglamentos al permitir que la A.E.E. presentara la consulta de ubicación sin tener la capacidad jurídica para ello. El foro de instancia entendió que la A.T., como dueña de terreno, era parte indispensable en la vista referente a la consulta de ubicación. En ese sentido, el tribunal determinó que al no haberse traspasado el terreno en cuestión a favor de la A.E.E., previo a la solicitud de consulta de ubicación, ni tampoco estar autorizada para desarrollar dichos terrenos, la Junta violó su propia reglamentación al permitir que la A.E.E. presentara la solicitud de consulta sin tener la capacidad jurídica requerida para ello. En vista de esta determinación, el Tribunal de Primera Instancia determinó que la discusión de los demás errores era innecesaria y expidió el auto de revisión.

De dicha decisión, la Junta y la A.E.E. acudieron en *certiorari* ante el Tribunal de Circuito de Apelaciones e impugnaron la determinación del foro de instancia de que la A.E.E. carecía de capacidad jurídica para promover la consulta.

Este foro apelativo revocó la decisión del Tribunal de Primera Instancia y concluyó que la A.T. había autorizado a la A.E.E. a actuar como su agente en las gestiones relacionadas con el desarrollo del proyecto. En un escolio el Tribunal de Circuito de Apelaciones reconoció que el foro de instancia había dispuesto que "al resolver que la participación de la A.T. era indispensable en el proceso de consulta, era innecesario resolver los restantes cuatro errores alegados por García Oyola y otros". Resolución del Tribunal de Circuito de Apelaciones de 16 de febrero de 1996,

---

"5. ERRÓ LA RECURRIDA AL APROBAR UNA VENTA DE TERRENO MEDIANTE UNA RESOLUCIÓN CARENTE DE DETERMINACIONES DE HECHO Y CONCLUSIONES DE DERECHO AL RESPECTO. Solicitud de Revisión de 16 de marzo de 1995, pág. 3.

pág. 2 esc. 1. No obstante, concluyó que "[e]llo equivale a desestimarlos".

Inconforme con dicha determinación, García Oyola acude ante nos y solicita que revoquemos la sentencia del Tribunal de Circuito de Apelaciones por "NO DEVOLVER EL CASO AL TRIBUNAL DE INSTANCIA PARA ULTERIORES PROCEDIMIENTOS." Petición de 12 de marzo de 1996, pág. 5. Además, señala que dicho foro apelativo erró al "determinar que la Administración de Terrenos (sic) autorizó válidamente a la Autoridad de Energía Eléctrica a que gestionara la consulta de ubicación".

Aunque los peticionarios presentaron un escrito de "apelación", a tenor con lo dispuesto en la Ley de la Judicatura de Puerto Rico de 1994 y la normativa descrita en *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995), hemos acogido el recurso como una petición de *certiorari*. La Ley de la Judicatura de Puerto Rico de 1994 no estableció un procedimiento de revisión de las decisiones de aquellas agencias administrativas que no estaban cubiertas por los incisos (d) y (e) del Art. 3.002 de la citada ley, 4 L.P.R.A. sec. 22i(d) y (e). No obstante, la Orden Administrativa XII cubrió la laguna en este caso al disponer que "[l]as determinaciones de las demás agencias administrativas continuarán siendo presentadas, revisadas y tramitadas en cada región judicial, conforme el trámite anterior a la vigencia de la Ley de la Judicatura de Puerto Rico de 1994".

Ahora bien, por entender que el primer error señalado por los peticionarios fue cometido por el Tribunal de Circuito de Apelaciones, procedemos a revocar la resolución recurrida sin procedimientos ulteriores.

## II

En síntesis, en su primer error los peticionarios alegan que una vez el Tribunal de Circuito de Apelaciones con-

cluyó que se cometieron los errores señalados, procedía devolver el caso al Tribunal de Primera Instancia para que éste considerara los restantes errores que no analizó originalmente. Entendemos que tiene razón.

En su sentencia el foro de instancia expuso todos los errores que fueron planteados ante sí en el recurso de revisión. Una vez hecha tal exposición expresó lo siguiente:

> Analizadas las alegaciones y la prueba documental que obra en el expediente, este Tribunal entra a resolver primeramente el cuarto error por entender que de resultar cierto lo alegado por la parte recurrente es innecesario resolver los restantes. Sentencia de 30 de octubre de 1995, pág. 6.

Más adelante se discute en la sentencia el cuarto error y se determina que "era necesario que antes de celebrarse la Consulta de Ubicación se hubiera celebrado la consulta de traspaso de terreno y, por consiguiente, la titularidad de éste por la A.E.E.". Sentencia de 30 de octubre de 1995, pág. 10. En consecuencia, concluye en la sentencia que "[p]or lo antes expuestos [sic] y siendo innecesario discutir los otros errores se declara Ha Lugar el Recurso de Revisión". Íd.

De este dictamen se desprende con claridad que el foro de instancia no consideró los otros errores señalados por los peticionarios y que su determinación estuvo fundamentada únicamente en que la A.E.E. no tenía capacidad para promover la consulta de ubicación. Por eso, en específico afirmó que "era innecesario resolver los restantes cuatro errores alegados". En vista del lenguaje tan claro de la sentencia del tribunal de instancia, es sorprendente que el Tribunal de Circuito de Apelaciones concluyó que estas expresiones equivalían a una desestimación de los otros errores.[3] Ciertamente lo único que concluyó el foro de instancia era que como la A.E.E. no tenía capacidad jurídica

---

[3] Véase el escolio 1 de la Resolución del Tribunal de Circuito de Apelaciones, Apéndice, pág. 3.

para solicitar la consulta, era innecesario discutir los demás errores planteados. Ello, sin embargo, no descarta que al concluirse correctamente que la A.E.E. había sido autorizada por la A.T. para solicitar la consulta, había que devolver el caso al foro de instancia para la consideración de los demás errores presentados por los peticionarios.

En estas circunstancias procede que, a tenor con la Regla 54 del Reglamento de este Tribunal, expidamos el auto de certiorari y modifiquemos la resolución recurrida para ordenar que se devuelva el caso de autos al Tribunal de Primera Instancia para la adjudicación de los otros errores señalados por los peticionarios. Por la importancia de la controversia el Tribunal de Primera Instancia deberá atender prontamente el recurso.

*Se dictará la sentencia correspondiente.*

Los Jueces Asociados Señores Rebollo López y Corrada Del Río disintieron por entender que la decisión del Tribunal de Circuito de Apelaciones es correcta.