# 2006 DTA 44

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE ARECIBO**
**PANEL VIII**

JUAN BAUTISTA, FELIX JIMENEZ Y MILAGROS HERNÁNDEZ HERNÁNDEZ
Apelados

v.

SABA CUBERO RODRÍGUEZ, VICENTE CUBERO RODRÍGUEZ, ARCENIA CUBERO RODRÍGUEZ, BIENVENIDO CUBERO RODRÍGUEZ, MARÍA CUBERO RODRÍGUEZ, DELIA CUBERO RODRÍGUEZ, RAMÓN CUBERO RODRÍGUEZ, LA SUCN. PRIVIDENCIA CUBERO COMPUESTA POR CARLOS CASERES CUBERO, GRACE CASERES CUBERO, ELSIE CASERES CUBERO, ADA CASERES CUBERO, JORGE CASERES CUBERO, LA SUCN. JUAN CUBERO COMPUESTA POR ISABEL RODRÍGUEZ, VICTORIA CUBERO RODRÍGUEZ, MARÍA CUBERO RODRÍGUEZ, JOSE A. CUBERO RODRÍGUEZ, JOSÉ L. CUBERO RODRÍGUEZ, ARMANDO CUBERO RODRÍGUEZ, CARLOS CUBERO RODRÍGUEZ, ANGEL MANUEL CUBERO RODRÍGUEZ
Apelantes

Núm. KLAN-2005-01564

San Juan, Puerto Rico, a 7 de febrero de 2006

Panel integrado por su Presidente, el Juez Arbona Lago, el Juez Miranda De Hostos y la Juez Pabón Charneco

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En la causa del epígrafe, los apelantes, Sra. Isabel Rodríguez y la Sucesión de don Juan Antonio Cubero Rodríguez compuesta por Victoria, María Antonia, José A., Ángel M., Carlos, José Luis y Armando, todos de apellidos Cubero-Rodríguez (Sucesión Cubero Rodríguez), solicitan que revoquemos la Sentencia emitida el 25 de agosto de 2005 y archivada en autos copia de su notificación el 10 de octubre de 2005, por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), en la que se declaró Con Lugar la demanda presentada (CAC1999-0502) por los aquí apelados.

### Hechos

El 12 de abril de 1978, la Administración de Programas Sociales del Departamento de la Vivienda del Estado Libre Asociado de Puerto Rico (Departamento de la Vivienda), otorgó una certificación mediante la cual segregó una parcela de la finca 2944, inscrita al folio 156 del tomo 58 de Camuy y la vendió a la Sra. María D. Félix Jiménez. La parcela quedó descrita como:

*"RUSTICA": Parcela marcada con el número diez y ocho [dieciocho] en el plano de parcelación de la comunidad rural Piedra Gorda del Barrio Piedra Gorda del término municipal de Camuy, con una cabida superficial de cero cuerdas con cinco mil ochocientos cinco diez milésimas de otra equivalente a dos mil doscientos ochenta y uno punto cincuenta y cuatro metros cuadrados [2281.54 M/C], en lindes por el Norte con parcela número diez y nueve de la comunidad;* **por el Sur con parcela número diez y siete de la comunidad;** *por el Este con parcela número veinte y dos de la comunidad, y por el Oeste con calle número tres de la comunidad. (Parcela 18) (Énfasis nuestro.) (Ap., pág. 26.)*

La parcela 18 consta inscrita al Folio 170, del tomo 143 de Camuy, finca número 7445 del Registro de la Propiedad.

El 4 de diciembre de 1980, el Sr. Juan Bautista Félix Jiménez y su esposa, la Sra. Milagros Hernández Hernández (esposos Félix-Hernández), otorgaron la escritura de compraventa número 89, mediante la cual adquirieron el dominio sobre la referida parcela 18.

Por otro lado, el 14 de agosto de 1984, el Sr. Juan Cubero Padín adquirió, mediante certificación del Departamento de la Vivienda, la parcela número 17 de la misma comunidad Piedra Gorda, finca que está delimitada en su colindancia norte por la parcela 18, cuyos titulares son los ya mencionados demandantes-apelados. Meses después, el 5 de octubre de 1984, el Sr. Juan Antonio Cubero Rodríguez y su esposa, la Sra. Isabel Rodríguez, adquirieron, también a través de certificación emitida por el Departamento de la Vivienda, la parcela identificada como 17-A de la referida comunidad Piedra Gorda, la cual cuenta con una cabida superficial de 520.89 metros cuadrados, colindando por el norte con la parcela 18 y por el oeste con la parcela 17. (Ap. pág. 49)

Para el año 1998, el Sr. Primitivo Félix Jiménez, hermano y representante del co-demandante, contrató los servicios del Ing. Héctor Vega Martínez (Ing. Vega), para realizar la mensura de un predio de terreno que se proponían segregar de la parcela 18. Tras realizar el procedimiento de agrimensura correspondiente, el Ing. Vega encontró que existía una discrepancia entre la cabida que reflejaba la escritura de la parcela 18 y la que constató sobre el terreno, resultando en una disminución de 446.5071 metros cuadrados en área y reducción mayor a un tercio en el ancho de la colindancia Este.

Ante tal hallazgo, el Ing. Vega procedió a recopilar una serie de datos provenientes de los planos originales de agrimensura de la comunidad Piedra Gorda de Camuy, que le permitieron reproducir el plano original de la parcela 18 y de los predios colindantes, a los fines de confrontarlo con el escenario sobre el terreno actual. Culminado el análisis, el Ing. Vega concluyó que la parcela 17 había absorbido la cabida carente en la parcela 18. Los esposos Félix-Hernández entonces solicitaron de los demandados que se le permitiera realizar el deslinde de sus respectivos inmuebles, petición a la que los demandados no accedieron.

La situación generó en un litigio (CAC1999-0502) sobre deslinde instado el 1 de diciembre de 1999, contra los señores Saba y Vicente Cubero Rodríguez y la Sra. Alicia Cubero Jiménez. La parte demandante alegó confusión de linderos, por lo que los demandados (dueños de la parcela 17), estaban poseyendo cerca de 486 metros cuadrados que pertenecían a su finca, la parcela 18.

El 30 de marzo de 2000, los demandados presentaron alegación responsiva, negando las imputaciones esenciales de la demanda. Expusieron como defensas afirmativas que la reclamación en su contra estaba prescrita, la ausencia de partes indispensables y que los predios aludidos en la demanda no habían sufrido cambio alguno desde que fueron segregados por el Departamento de la Vivienda.

El 14 de noviembre de 2001, los esposos demandantes y aquí apelados, Félix-Hernández, solicitaron y obtuvieron permiso del TPI para enmendar la demanda a los fines de incluir como co-demandados a los señores Bienvenido, Arcenia, María, Delia, Ramón e Isabel Cubero Rodríguez, a la Sucesión Cubero Rodríguez y a la Sucesión de doña Prividencia Cubero (compuesta por Carlos, Grace, Elsie, Ada y Jorge todos de apellido Cáceres Cubero). Ante ello, la Secretaría del Tribunal expidió nuevos emplazamientos.

Tras varios incidentes procesales, no necesario aquí detallar, finalmente el 20 de noviembre de 2003, la Lic. Vivian Soto Guzmán asumió la representación legal de la Sra. Isabel Rodríguez y de la Sucesión Cubero Rodríguez. Los demás co-demandados fueron debidamente emplazados personalmente o mediante la publicación de edicto, pero no contestaron dentro del término reglamentario, por lo que se les anotó la rebeldía.

Así las cosas, el 12 de agosto de 2004 y 21 de septiembre de 2004, se condujo el juicio en su fondo ante cl TPI, donde los abogados de las partes practicaron prueba y vertieron para récord sus teorías. Escuchada la prueba, el 25 de agosto de 2005, notificada el 10 de octubre de mismo año, el Tribunal dictó sentencia en la que declaró con lugar la demanda sobre deslinde instada por la parte apelada.

Ordenó a los demandados remover en un término de 30 días *"la verja que los une (sic) con la parcela #18... y ubicarla, de manera tal que le garantice a éste acceso al camino vecinal, con una cabida no menor de cinco (5) metros; y así extenderla a todo lo largo de ambas parcelas, hasta completar el terreno usurpado que comprende una cabida de 446.5071 metros cuadrados. (o su equivalente, a razón de $40.00 por metros cuadrados.)"* (Ap., págs. 65-68.) Los condenó, además, a satisfacer la suma de $500 por concepto de costas y gastos del proceso, más la cantidad de $2,000 en honorarios de abogado.

El 20 de octubre de 2005, la parte apelante solicitó determinaciones de hechos y conclusiones de derecho adicionales y el 7 de noviembre de 2005, notificada el 14 de mismo mes y año, el TPI la declaró sin lugar.

No conforme, el 14 de diciembre de 2005, la parte apelante acudió en la causa del epígrafe e imputó al foro de instancia incidir de la siguiente forma:

*"PRIMER ERROR:*

*ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA DEMANDA DE DESLINDE INSTADA, TENIENDO ESTO COMO CONSECUENCIA QUE LOS APELANTES SEAN PRIVADOS DE SU PROPIEDAD.*

*SEGUNDO ERROR:*

*ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONDENAR A LA PARTE AQUÍ APELADA AL PAGO DE $2,000.00 POR CONCEPTO DE HONORARIOS DE ABOGADO, CUANDO ÉSTOS POSEEN UN TÍTULO DE PROPIEDAD SOBRE EL PREDIO DE TERRENO EN CONTROVERSIA QUE LE FUE OTORGADO POR EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, POR LO QUE SU COMPARECENCIA Y LITIGACIÓN FUE MERITORIA Y RESPONSABLE."*

Sometida la apelación mediante la presentación de los alegatos de las partes, procedemos a resolver.

**Exposición y Análisis**

**I**

Debemos señalar que luego de un análisis de las alegaciones de la demanda así como del remedio concedido por el hermano foro de instancia, concluimos que nos encontramos ante una acción de deslinde y no de reivindicación, según fuera denominada por los aquí apelados.

Como se sabe, el Código Civil, en sus artículos 319, 320, 1865, 31 LPRA §§ 1211, 1212, 5295, gobierna lo referente a la acción civil sobre deslinde, disponiendo que todo dueño tiene derecho a requerir el deslinde de su propiedad, luego de citar a los titulares de las fincas limítrofes, cuando su propiedad tenga confundidos sus linderos con el predio inmediato por causas naturales, accidentes fortuitos o actos voluntarios de tercero. El deslinde se realizará según los títulos de cada propietario y, a falta del mismo, se hará a base de la posesión en que estuvieren los colindantes. *Zayas v. Autoridad de Tierras*, 73 DPR 897, 900 (1952).

La acción para requerir el deslinde es imprescriptible y la demanda en que se reclame debe contener los siguientes requisitos, a saber: (1) descripción de la propiedad; (2) interés que la parte reclame tener en ella; (3)

nombre de la persona en posesión de la propiedad; (4) razón por la que solicita el deslinde; y (5) requerimiento a la otra parte sobre el deslinde, seguido de la negativa de ésta. *Zalduondo v. Méndez*, 74 DPR 637, 641 (1953). La acción de deslinde no da ni quita derechos y puede practicarse más de una vez, cuando medien razones nuevas para volver a ejercer la acción. *Ibid*, a la pág. 901.

Por otro lado, la acción reivindicatoria es una acción protectora del dominio que surge propiamente del Artículo 280 del Código Civil, que faculta al titular de una cosa a ir *"contra el tenedor y el poseedor de la cosa para reivindicarla."* 31 LPRA sec. 1111. La acción reivindicatoria se ejerce de modo subsidiario cuando los límites de varias fincas colindantes *"hallándose ya demarcados, o cuando como consecuencia de la demarcación, hay necesidad de reivindicar terrenos que se creen usurpados"*. *Arce v. Díaz*, 77 DPR 624, 628 (1954).

Esta acción requiere que el titular que la ejercite demuestre: (1) que el demandante justifique su derecho de propiedad; (2) que la acción se dirija contra quien tenga la cosa en su poder; (3) que no concurra ningún derecho del demandado que justifique su pretensión de retener la cosa frente al propietario; y (4) que la cosa de que se trate quede debidamente identificada. Véase, J. Puig Brutau, *Compendio de Derecho Civil*, Vol. III, Ed. Bosch, Barcelona (1989), a las págs. 46-47.

En la causa de marras, los esposos Félix-Hernández, dueños de la finca número 18, incluyeron en su demanda únicamente a los titulares de las parcelas número 17 y 17-A y no solicitaron al TPI que citara a los titulares de los demás predios colindantes. Además, de la propia demanda se puede advertir que los demandantes imputaron a la parte demandada encontrarse ocupando predios de terreno fuera de la colindancia real de su propiedad, alegación que comprende confusión de linderos, típica de una acción civil sobre deslinde. Tal tipo de reclamación sobre colindancia no implica litigio sobre títulos. Finalmente, del dictamen apelado se colige que el TPI procedió a ordenar el deslinde entre ambas propiedades, lo que meramente implica que los demandados, al mover la colindancia habían ocupado parte de la parcela 18, propiedad de los esposos Félix-Hernández, por lo cual ordenó mover la verja que divide ambas parcelas hasta regresarla a los puntos correctos, según la colindancia judicialmente determinada.

Como se sabe, el nombre no hace la cosa. *García Oyola v. J.P:*, 140 DPR 649, 652 (1996); *Farmacias Moscoso, Inc. v. Kmart Corp.*, 138 DPR 497 (1995); *Meléndez Ortiz v. Valdejully*, 120 DPR 1, 24 (1987). Es harto conocido que el foro judicial no queda irremediablemente circunscrito, limitado y amarrado a resolver de la forma y manera específica en que las partes así lo soliciten. El Tribunal concederá lo que en derecho proceda, de acuerdo a los hechos que queden probados. Es aquí también de recordar que la apelación sólo se da contra el dictamen y nunca contra sus fundamentos. *Pérez Vda. Muñiz v. Criado*, 151 DPR 355, 374 (2000). A esos efectos, entendemos que la sentencia apelada arribó a un dictamen correcto. Veamos.

En su primer señalamiento de error, los apelantes sostienen, en síntesis, que incidió el TPI al declarar con lugar la demanda sobre deslinde cuyo efecto práctico les privaría de su dominio sobre la parcela identificada 17-A, que comprende el terreno en disputa entre las partes, sin que se considerara la certificación otorgada por el Departamento de la Vivienda el 14 de octubre de 1984, mediante la cual adquirieron la referida parcela 17-A que han poseído ininterrumpidamente con buena fe y justo título.

Como parte de la prueba documental desfilada, el TPI admitió en evidencia las certificaciones otorgadas por el Departamento de la Vivienda sobre cada una de las parcelas involucradas en la controversia, describiendo la cabida y los linderos correspondientes, así como la Escritura de Compraventa de la parcela 18. Asimismo, se presentó en evidencia el informe preparado, a ruego de los demandantes, por el perito, Ing. Vega, a cuyo cargo estuvo la mensura de la parcela 18. Dicho informe incluyó copia de los planos originales de agrimensura de las parcelas en controversia, así como copia de la tabulación de las áreas de dichas parcelas y de las coordenadas de los puntos que las configuran. Esta información sirvió de base al Ing. Vega para reproducir el plano original de

las parcelas, así como para preparar un plano demostrando el escenario actual de los predios, documentos que fueron anejados al informe referido. (Ap. 17, págs. 44-56.) Asimismo, se admitió en evidencia el plano levantado por el perito de los demandados, Ing. Wilfredo Toledo López (Ap. 18, pág. 57) y el croquis fechado el 10 de noviembre de 1983 mostrando la segregación de la parcela 17. (Ap. 19, pág. 58.)

Además, del informe pericial admitido en evidencia, el Ing. Vega testificó que tras recopilar la información de los planos de mensura originales que realizara la Administración de Vivienda Rural, como originador de las dos parcelas (17 y 18) y analizarla con la data de campo obtenida a través de la mensura que realizó en el año 1998 a la parcela 18 y con las cabidas que se desprenden de las escrituras, encontró que la parcela 17 ha sufrido cambios sustanciales en términos de su forma, ángulos internos y cabida. Ante ello quedó demostrado que la deficiencia en cabida de la parcela 18 fue absorbida hacia el sur por la contigua parcela 17. Dicho testimonio no pudo ser controvertido ni por el perito de los demandados, Ing. Toledo, ni por el Ing. Héctor Ferrer Sanjurjo. Este último compareció en representación del Departamento de la Vivienda. La conclusión lógica señala a un traslado de la colindancia.

Por su parte, la co-demandante, Sra. Hernández atestó que desde que adquirió la parcela 18, el 4 de diciembre de 1980, la misma no ha sufrido segregación o cambio alguno. Por otro lado, la parte demandada declaró que adquirió la parcela 17-A mediante la certificación del Departamento de la Vivienda del 5 de octubre de 1984 y que acorde al plano aprobado por dicho Departamento, se separó el terreno.

Conforme a los hechos que informa esta causa, la prueba testifical, pericial y documental desfilada ante el hermano foro de instancia encontró probado que el área rectangular, larga y estrecha que forma la denominada parcela 17-A (Ap. pág. 49), no existe en el plano original de la comunidad; que los dueños de las parcelas 17 y 17-A son miembros de una misma familia (familia Cubero), hecho que a su entender demuestra el control que pudieron ejercer éstos en el manejo de tales predios de terreno. Asimismo, determinó que la parte demandada no pudo explicar cómo se realizó la segregación de la denominada parcela 17-A en 1984, sobre los mismos terrenos, que ya desde 1978 habían dejado de ser propiedad del Departamento de la Vivienda. Concluyó, por tanto, que la parcela 17-A, *"se formó inexplicablemente usurpando terreno de la parcela #18... [t]ambién, aunque en menor cuantía, aparece usurpando terreno la parcela #17."* (Ap., pág. 65.) Ello implica el correr al Norte la colindancia norte de la parcela 17, por sobre la colindancia sur de la parcela 18.

Luego de un análisis detenido de la prueba antes reseñada, estimamos que el foro sentenciador fundamentó correctamente su determinación en toda la evidencia que tuvo ante sí y procedió a dirimir el conflicto en la prueba en función del derecho aplicable. Ante la ausencia de una clara demostración de prejuicio, parcialidad o error en tal gestión, no debemos intervenir con la apreciación que de la prueba efectuó el TPI, ni con la adjudicación aquí recurrida. Más aún, coincidimos con el criterio del TPI y entendemos que procedía la restitución de la colindancia original entre las fincas 17 y 18, según efectuado. Por lo tanto, no se cometió el error señalado.

## II

En su segundo señalamiento de error, los apelantes sostienen que incidió el foro sentenciador al imponerles la partida de honorarios de abogado, ya que, a su juicio, no actuaron de forma temeraria. Asimismo adujeron que erró el TPI al otorgar en el propio dictamen apelado la cantidad de $500 en concepto de costas y gastos del procedimiento, sin que siquiera la parte demandante hubiere presentado el Memorando de Costas.

Como se sabe, los honorarios de abogado sólo deben concederse cuando la parte perdidosa *"haya procedido con temeridad."* Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. III, R. 44.1 (d); *Blás v. Hosp. Guadalupe*, 146 DPR 267 (1998). Aunque no está expresamente definido por la regla, el concepto temeridad ha sido delineado por nuestra jurisprudencia en diversas ocasiones. Se considera temeraria toda aquella conducta que haga necesario celebrar un pleito que se pudo evitar, extenderlo innecesariamente o requerir a la otra parte

efectuar gestiones innecesarias. *Feliciano Polanco v. Feliciano González,* 147 DPR 722 (1999); *Elba v. U.P.R.,* 125 DPR 294, 329 (1990).

De ordinario, la determinación sobre si una parte ha procedido o no con temeridad descansa en la sana discreción del tribunal sentenciador y en apelación no se dejará sin efecto una determinación de temeridad a menos que se demuestre claramente que se ha cometido un abuso de discreción. *Ramírez v. Club Cala de Palmas,* 123 DPR 339, 349 (1989).

Conforme a los hechos que esta causa informa, no podemos avalar la determinación de temeridad alcanzada por el hermano foro de instancia como fundamento para condenar a los demandados apelantes la suma de $2,000.00 en concepto de honorarios de abogado. Reiteradamente se ha resuelto que no es temerario el litigante que, en un caso como el de marras, de buena fe y amparado en lo que cree cierto y correcto se defiende para hacer valer un derecho dominical mediante la aportación de prueba tendiente a sostener la validez del mismo. Por lo tanto, entendemos que dicha partida no puede prevalecer en autos.

## III

Por último, el hermano foro de instancia impuso a los demandados la cantidad de $500 en concepto de costas a favor de los demandantes. Erró al así proceder. Veamos.

Como se sabe, la partida de costas es mandatoria contra la parte perdidosa. Se trata de una condena inexcusable y obligatoria. Regla 44.1 (a) de Procedimiento Civil, 32 LPRA Ap. III, R. 44.1 (a); *Blás v. Hosp. Guadalupe, supra.* La Regla 44.1, *supra,* regula la concesión de costas y en su parte aquí relevante, dispone:

*"(b) La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorandum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito [...]".*

Como puede observarse, la regla aludida le impone a los tribunales el deber de conceder el derecho a reclamar las costas a la parte que resulta victoriosa en un litigio, pero ello sólo se puede cuantificar **una vez éstas se reclaman oportunas y adecuadamente a través del memorando de costas juramentado.** El ordenamiento procesal civil también confiere al Tribunal amplia discreción para determinar qué costas un litigante perdidoso debe reembolsar.

El propósito de dicha regla *"es resarcir a la parte victoriosa en un litigio los gastos necesarios y razonables en que tuvo que incurrir con motivo del mismo." Rodríguez Cancel v. A.E.E.,* 116 DPR 443 (1985); *Ferrer Delgado v. Tribunal Superior,* 101 DPR 516, 517 (1973).

Del expediente ante nos se colige que el TPI concedió a favor de la parte demandante una cuantía global y especifica, estimada *a priori* en concepto de costas, **en la propia sentencia apelada,** incumpliendo así con el claro precepto de la Regla 44.1, *supra.* Cuando el TPI ordenó el pago de $500 a favor de los demandantes, sin que éstos previamente presentaran el correspondiente memorando de costas, se cometió el error señalado.

Debemos revocar dicha parte de la sentencia apelada. El derecho al reclamo de costas acrece automáticamente a favor de la parte victoriosa, salvo que por ley especial se disponga de otro modo, *Colondrés Vélez v. Bayron Vélez,* 114 DPR 833, 839 (1983). Tal derecho corresponde aquí a los esposos Félix-Hernández, sin que de antemano el TPI pueda, tasarlo o delimitarlo, cuando previamente no ha habido un acuerdo entre los litigantes, en cuyo caso entonces se conoce como pacto de crédito ejecutivo, *Correa Machín v. Correa Vélez,* 97 DPR 794, 796 (1969).

Habida cuenta de lo anterior, se advierte que de advenir final y firme este dictamen, el término de caducidad de diez (10) días para que la parte demandante presente el correspondiente Memorando de Costas ante el foro de Primera Instancia, comenzará a decursar **con el envío del mandato al TPI**. Regla 44.1 (c), supra; F*errer Delgado v. Tribunal*, 101 DPR 516 (1973). (Énfasis nuestro).

## Dictamen

Todas las determinaciones anteriores se hacen formar parte integral de esta sentencia.

Conforme a lo aquí expuesto, modificamos la sentencia apelada para confirmar la sentencia apelada, salvo la partida de $2,000 impuesta por concepto de honorarios de abogado que se deja sin efecto. Asimismo, dejamos sin efecto la partida de $500 por concepto de costas y gastos del pleito (costas), mas no así el derecho que le asiste a la parte demandante a recobrar aquellos gastos necesarios conforme lo dispuesto en la Regla 44 de Procedimiento Civil, 32 LPRA Ap. III, R. 44.

Una vez la presente advenga en final y firme y la secretaria devuelva el mandato al TPI, comenzará --a partir con la fecha en que la Secretaria envíe el mandato al TPI--, a decursar el término de 10 días de caducidad de la Regla 44.1 (c) para la presentación, ante el TPI, del correspondiente memorando jurado de costas.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones